UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
In re Application of
FIRST MONOLITH INC.,

For an Order Pursuant to 28 U.S.C. § 1782 to
Conduct Discovery for Use in Foreign
Proceedings

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/1/2021_

20 Misc. 735 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On December 9, 2020, Applicant, First Monolith Inc, submitted an *ex parte* petition for an order pursuant to 28 U.S.C. § 1782(a) to obtain discovery for use in a contemplated civil proceeding in the Singapore High Courts (the "Petition"). ECF No. 1. Applicant seeks permission to serve subpoenas on: Citibank, N.A.; The Bank of New York Mellon; Société Générale, New York; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase Bank, N.A.; Barclays Bank PLC; Deutsche Bank Trust Co. Americas; Bank of Nova Scotia; UBS AG; Bank of America, N.A.; Standard Chartered Bank US; Commerzbank AG US; and The Clearing House Payments Company, LLC (together, "Respondents"). Applicant also seeks permission to proceed *ex parte* and a waiver of service of the Petition and this Order on other interested parties. For the following reasons, the Petition is GRANTED.

**DISCUSSION**

I. Legal Standard

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (internal quotations and

alterations omitted).  Courts routinely grant such petitions *ex parte*.  *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*.").

In determining whether to grant a § 1782(a) petition, the Court may also consider "(1) whether the person from whom discovery is sought is a participant in the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome."  *In re Catalyst Managerial Servs., DMCC*, 680 F. App'x 37, 38–39 (2d Cir. 2017) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)) (internal quotation marks omitted).

II.     Analysis

   A.  *Ex Parte* Proceeding

Courts routinely grant similar petitions *ex parte*.  Accordingly, Applicant's request to proceed without serving the Petition on Respondents is GRANTED.  *Gushlak*, 486 Fed. App'x at 217.

   B.  The Petition

Applicant has met all three statutory requirements.  First, Applicant avers that all Respondents reside in this district.  Vandenabeele Decl. ¶¶ 9–24, ECF No. 4; Kholodenko Decl. ¶ 31, ECF No. 2.  Second, Applicant has established that it intends to use the discovery in a "reasonabl[y] contemplate[ed]" judicial proceeding in the Singapore High Courts.  Tang Decl. ¶¶ 2, 15–18, ECF No. 3; Kholodenko Decl. ¶ 26; *In re Hornbeam Corp.*, 722 F. App'x 7, 9–10 (2d

Cir. 2018). Under the plain text of § 1782, a foreign proceeding includes "a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *Mees*, 793 F.3d at 299 ("[A]pplicant may seek discovery of any materials that can be made use of in the foreign proceeding to increase [its] chances of success."); *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 116 (2d Cir. 2015) ("It is not necessary for the adjudicative proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually to be used in such a proceeding" (internal alterations omitted)). Third, Applicant is an interested party in the foreign proceeding because it will be a party in the contemplated proceeding. Tang Decl. ¶ 15; Kholodenko Decl. ¶ 26.

Each of the discretionary factors also weigh in favor of granting the subpoena. First, Applicant claims it has no reason to believe that Respondents will be participants in the contemplated proceeding. Kholodenko Decl. ¶ 32. Second, it appears that the Singapore High Courts would likely be receptive to the requests and that the evidence sought would presumably be admissible. Tang Decl. ¶ 19; Kholodenko Decl. ¶ 33. Third, there is no evidence that Applicant is attempting to circumvent any proof-gathering restrictions imposed by Singapore law or otherwise seeking the discovery in bad faith. Finally, the subpoenas Applicant proposes are not unduly intrusive or burdensome. *See* ECF No. 1-2 at 4–6; Vandenabeele Decl. ¶¶ 25–26. Accordingly, the Petition is GRANTED.

    C.  Waiver of Service

Applicant requests a waiver of service of the Petition and this Order on the potential defendant to the contemplated action and certain individuals and entities associated with the potential defendant, because notice could provide the potential defendant with opportunity to conceal or destroy evidence. Kholodenko Decl. ¶¶ 28, 35–38. Although Federal Rule of Civil

Procedure 45 requires service of third-party subpoenas on parties to the underlying litigation, it is within the Court's authority to "prescribe otherwise." 28 U.S.C. § 1782(a).  Here, the chance that the potential defendants will tamper with evidence upon notice of the Petition justifies an exception to Rule 45's notice requirement.  *See In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 WL 13647606, at *5 n.14 (S.D.N.Y. Sept. 17, 2015), *aff'd*, 722 F. App'x 7 (2d Cir. 2018) ("Of course, where countervailing interests support a party's need to take discovery in secret, a district court can always . . . order, pursuant to 28 U.S.C. § 1782(a), that discovery *not* be taken in accordance with the Federal Rules" (emphasis in original)).  Accordingly, Applicant's request is GRANTED.

## CONCLUSION

For the reasons stated above, the Petition is GRANTED.  Every thirty days, Applicant shall file a status letter with the Court describing the status of its subpoenas and whether discovery is sufficiently complete to permit service on the potential defendant and certain individuals and entities associated with the potential defendant.

The Clerk of Court is directed to terminate the motion at ECF No. 1.

SO ORDERED.

Dated:  February 1, 2021
        New York, New York

_____
ANALISA TORRES
United States District Judge